Filed 12/3/15  In re R.V. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re R.V., a Person Coming Under the Juvenile Court Law.<br><br>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>R.V.,<br><br>    Defendant and Appellant. | G046961<br><br>(Super. Ct. No. DL034139)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Deborah C. Servino, Judge.  Judgment reversed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel, and Kathryn Kirschbaum, Deputy Attorneys General for Plaintiff and Respondent.

\*        \*        \*

Alleging the juvenile court erred by finding him competent to be adjudicated under Welfare and Institutions Code section 602, minor R.V. appealed from the court's judgment declaring him a ward of the juvenile court and placing him on probation.  We affirmed the judgment, concluding minor bore the burden of proving his incompetency and that substantial evidence supported the juvenile court's determination minor was competent to proceed.  The California Supreme Court reversed our judgment, holding (1) minor bore the burden of proving his incompetency, (2) the substantial evidence standard of review applied to the juvenile court's determination minor was competent, and (3) "the weight and the character of the evidence of incompetency was such that the juvenile court could not reasonably reject it."  (*In re R.V.* (2015) 61 Cal.4th 181, 186, 201.)  We therefore reverse the juvenile court's judgment and remand for further proceedings consistent with the Supreme Court's opinion.


IKOLA, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


THOMPSON, J.

2